UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1561 (AG) (Ex) | Date | January 7, 2016 |
| Title | EMAZING LIGHTS LLC v. RAMIRO MONTES DE OCA ET AL. | | |

| | |
|---|---|
| Present: The Honorable | ANDREW J. GUILFORD |

| | | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND GRANTING LEAVE TO AMEND**

Defendant Montes de Oca worked for Plaintiff Emazing Lights, LLC, either as an employee or independent contractor—there's some dispute about that. Emazing asserts that after that employment relationship ended, de Oca and his company (and co-Defendant) Quantum Hex improperly used Emazing's intellectual property.

Emazing filed a lawsuit asserting seven claims. Among them are claims for (1) patent infringement, (2) misappropriation of trade secrets, (3) breach of written contract, and (4) breach of the implied covenant of good faith and fair dealing.

Now, de Oca and Quantum Hex have moved to dismiss these four claims. (*See* Dkt. No. 14.) They've also filed a Request for Judicial Notice to support the Motion to Dismiss. (*See* Dkt. No. 15-1.)

The Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss and GRANTS Emazing leave to file an amended complaint within 30 days of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1561 (AG) (Ex) | Date | January 7, 2016 |
| --- | --- | --- | --- |
| Title | EMAZING LIGHTS LLC v. RAMIRO MONTES DE OCA ET AL. | | |

## 1. LEGAL STANDARD

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

## 2. REQUEST FOR JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of a patent application, and a magazine article with some correspondence between the parties and some documents related to de Oca's employment relationship with Emazing attached. (*See* Dkt. No. 15 at 2:7–23.) Plaintiff doesn't dispute the Court's ability to take judicial notice of the patent application. (*See* Dkt. No. 18 at 2:1–5.) Accordingly, the Court focuses its judicial notice discussion on the magazine article and related attachments.

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants do not adequately show that the magazine article and attachments fall within either of these categories. Accordingly, the Court will not take judicial notice of them. But the Court notes that even if it did consider these materials, the Court's holdings in this Order would remain the same.

## 3. DISCUSSION

### 3.1 Patent Infringement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1561 (AG) (Ex) | Date | January 7, 2016 |
| Title | EMAZING LIGHTS LLC v. RAMIRO MONTES DE OCA ET AL. | | |

The parties' dispute about the patent infringement claim focuses on whether the complaint adequately alleges infringement. Everyone agrees that the patent in this case was issued on September 29, 2015. Everyone also agrees that this lawsuit was filed that same day. Defendants say that Emazing needs to allege that Defendants infringed the patent in the small window of time between the issuance of the patent and the filing of this complaint. (Dkt. No. 14-2 at 18:22–25.) Emazing says it has satisfied its pleading obligations by alleging that Defendants "have been, and still are, infringing." (Dkt. No. 17 at 18:27–28 (emphasis removed).)

Defendants use three cases to support their argument: an unpublished 1980 Western District of New York case; a 1962 Southern District of Florida case; and a 1953 District Court of Delaware case. (*See* Dkt. No. 14-2 at 18:26–19:8.) All of these cases are old and none of them are binding. Each is also distinguishable, either procedurally or substantively.

Defendant also spends some ink arguing that a patent can't be infringed before it's been issued. (*See, e.g.*, Dkt. No. 14-2 at 19:9–17; Dkt. No. 19 at 5:10–17.) No one seems to be arguing otherwise. Instead, the question is whether Emazing's allegations of infringement after the patent issued are sufficient under current case law. They are.

The Court DENIES the Motion to Dismiss as to the patent infringement claim.

### 3.2 Misappropriation of Trade Secrets

Defendants basically make three arguments about Emazing's purported claim for misappropriation of trade secrets under California's Uniform Trade Secrets Act.

#### 3.2.1 Particularity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1561 (AG) (Ex) | Date | January 7, 2016 |
| Title | EMAZING LIGHTS LLC v. RAMIRO MONTES DE OCA ET AL. | | |

First, Defendants say Emazing hasn't described the trade secrets in question with enough particularity. A party in a trade secret case "does not have to spell out the details of the trade secret." *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252 (1968). But the party does need to allege the existence of trade secrets that are defined within some meaningful limit. *See id.* at 253.

Emazing's doesn't. The company says its trade secrets

> include, but are not limited to, Plaintiff's source codes for its gloving products, programming technology, USB technology, firmware for such technology and to control gloving products and updates, such as for colors, flash patterns, images and files, chip navigation, technical data, know-how, research product plans, software, inventions, developments, processes, formulas, designs, drawings, and any other information not publically and widely known, or otherwise made generally available to the public, other than through the acts of persons who have improperly accessed and/or disclosed such information.

(Dkt. No. 1 at 4:9–20.) Emazing's attempted thoroughness has yielded meaninglessness. The definition includes "any . . . information not publically and widely known," including, presumably, facts far removed from this case. That's not the end of Emazing's issues: the definition "include[s], but [is] not limited to," the enumerated items. Any piece of information could potentially be labeled a trade secret under this definition. Defendants' more specific concerns about broad terms like USB and programming technology may also be valid.

The Court is sympathetic to the concerns expressed by Emazing and in the cases it cites. There must be a limit on the other end too: you shouldn't have to disclose the Coke formula to sue for its misappropriation. *See Diodes*, 260 Cal. App. 2d at 252 (a plaintiff shouldn't have to "destroy the very thing for which he sought protection by making public the secret itself"). But none of the cases Emazing cites—even the ones with similar laundry list approaches to trade secret definitions—appear to have the unlimited reach present here. *See, e.g.*, *Nextdoor.Com, Inc. v. Abhyanker*, No. C-12-5667 EMC, 2013 WL 3802526, at *5 (N.D. Cal.

July 19, 2013). Emazing should be able to provide more specificity without providing too much specificity.

On this basis, the Court GRANTS the Motion to Dismiss as to the misappropriation of trade secrets claim.

### 3.2.2 Trade Secret Disclosure and Ownership

Defendants argue for dismissal of the misappropriation of trade secrets claim on two other grounds. First, they say Emazing destroyed any relevant trade secrets it had when it disclosed them in its patent and patent application. Second, they say Emazing can't assert misappropriation of software that de Oca wrote because Emazing alleges that de Oca was an independent contractor and not an employee. Emazing's counterarguments make clear that these two arguments present issues that are not properly decided on this Motion to Ddismiss. Accordingly the Court rejects them as a basis for dismissal.

### 3.3 Breach of Written Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

The parties appear to agree that the two contract claims are tied to (1) whether Emazing disclosed the trade secrets at issue in the patent application or patent and (2) what sort of employment relationship de Oca and Emazing had. (*See* Dkt. No. 14-2 at 18:10–19; Dkt. No. 17 at 18:1–18.) In essence, if Emazing improperly disclosed the trade secrets at issue, the contract claims should be dismissed. Similarly, if Emazing hasn't adequately alleged ownership, the contract claims should be dismissed. In Section 3.2.2, the Court declined to dismiss the complaint on either of these grounds, and accordingly the Court DENIES the Motion to Dismiss as to the two contract claims.

## 4. AMENDMENT

If the court dismisses a complaint, it must also decide whether to grant leave to file an amended pleading. "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1561 (AG) (Ex) | Date | January 7, 2016 |
| Title | EMAZING LIGHTS LLC v. RAMIRO MONTES DE OCA ET AL. | | |

deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

Emazing could possibly cure the deficiencies. Accordingly the Court GRANTS Emazing leave to file an amended complaint within 30 days of this Order.

**5. DISPOSITION**

The Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss and GRANTS Emazing leave to file an amended complaint within 30 days of this Order.

| | |
|---|---|
| | : **0** |
| **Initials of preparer** | **lmb** |